UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANIELLE CLEVELAND and
DOMINIQUE WICKER, as
Co-Administrators of the
ESTATE OF DARNELL WICKER                                          PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:16-cv-00588-CRS

LOUISVILLE METRO GOVERNMENT
d/b/a LOUISVILLE METRO POLICE
DEPARTMENT, et al.                                                DEFENDANTS

### Memorandum Opinion & Order

This matter is before the Court on the motion of Defendants Taylor Banks, Beau Gadegaard, and Brian Smith ("the Officers") to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 15. Plaintiffs Danielle Cleveland and Dominique Wicker (collectively, "Plaintiffs") responded. Resp. Mot. Dismiss, ECF No. 23. The Officers replied. Reply, ECF No. 27.

After the Officers filed their motion to dismiss, Plaintiffs moved for leave to file an amended complaint. Mot. Amd. Compl., ECF No. 22. They seek to clarify their claims, to dismiss Malcolm Miller as a defendant, and to add factual allegations to support their causes of action. *Id*. at 1. The Officers responded. Resp. Mot. Amd. Compl., ECF No. 26. The Officers do not object to Plaintiffs' motion for leave to amend the complaint and admit that the amendments render their 12(b)(6) motion to dismiss as moot. *Id*. at 1.

Miller responded separately to Plaintiffs' motion for leave to amend the complaint. Miller Resp. Mot. Amd. Compl., ECF No. 25. Miller does object to the motion to amend the complaint but argues that the claims asserted against him should be dismissed with prejudice "given the

circumstances." *Id*. at 1–2. In their reply, Plaintiffs contend that their claims against Miller should be dismissed without prejudice because Miller "provides no reasoning to support his motion to be dismissed with prejudice and there are many unknown facts that could support claims against [him]." Reply, ECF No. 28.

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of claims. The dismissal of claims under Rule 41(a) is presumed to be without prejudice. Fed. R. Civ. P. 41(a)(2). Dismissal of claims should be granted with prejudice only when the defendant would "suffer 'plain legal prejudice' . . . as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). The Court finds that Miller fails to show that he would suffer plain legal prejudice if the claims against him were not dismissed without prejudice.

Accordingly, the Court **GRANTS** Plaintiffs' motion for leave to amend the complaint. The Court **DISMISSES** the claims against Miller without prejudice. The Court **DENIES** the Officers' motion to dismiss the claims under Rule 12(b)(6) as moot.

January 23, 2017

                                          **Charles R. Simpson III, Senior Judge**
                                          **United States District Court**